DREW, Justice
(dissenting) :
I respectfully dissent. Costs, insofar as the litigation between Adrian Youngblood and Juanita Youngblood and Nora L. Bush is concerned, had been settled, in the sense the word “settled” is used in the rule, more than 30 days before the notice of appeal was filed, hence both the statute and rule require that the appeal be dismissed. The statute, Section 59.09, F.S.A.1965, requires the payment of costs by an original plaintiff as a condition precedent to the taking of an appeal. Regardless of the logic or wisdom of this statute, it has been the law of this State for more than 100 years. The rule, Rule 3.2, subd. f, F.A.R, generally tracks the statute but contains language designed to temper the harsh results that sometimes .resulted from a strict interpretation of it.
The fact that costs had not been settled so far as Sheri Youngblood, a minor, was concerned is, in my judgment, unimportant. It has no relation to the question of whether so far as these appellants are concerned the costs in the case had been settled. While it is not pointed out in the main opinion, I think it is pertinent in this regard to observe that, although a motion was filed by Sheri Youngblood on August 12, 1965 for the taxation of costs, the judgment which had been theretofore rendered in favor of Sheri Youngblood was satisfied a month later by Adrian Youngblood as her father and next friend. It would appear to me that when Sheri Youngblood accepted the benefits of the judgment and executed a satisfaction thereof, it eliminated from further consideration the question of costs so far as she was concerned.
The statute and the rule, as construed in numerous decisions of this Court, require that certiorari be issued and that the questioned order of the district court denying the motion to dismiss the appeal be quashed.
O’CONNELL, J., concurs.